IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EASTERN MATERIALS, INC., | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-1970 |
| | : | |
| HEIDELBERGCEMENT AG, et al., | : | |
|     Defendants | : | |

...o0o...

MEMORANDUM OPINION

This case was removed from the Circuit Court for Baltimore City by defendant Lehigh Cement Company on the basis of diversity of citizenship. Lehigh alleged in its notice of removal that the in-state defendants (identified below) were fraudulently joined in the action merely to defeat removal. Plaintiff Eastern Materials, Inc., a Maryland corporation, sued four defendants in three counts, as follows: (1) breach of contract claims against defendants Lehigh (a Pennsylvania corporation) and Heidelbergcement AG (allegedly an entity of the Federal Republic of Germany); (2) fraud claims against Lehigh and Heidelbergcement and defendants Richard Brigstocke (a citizen of Maryland) and White Rock Quarries, Inc., a Maryland corporation controlled by Brigstocke; and (3) unjust enrichment claims against all defendants. Plaintiff filed a timely motion to remand the case to state court and all defendants have filed motions to dismiss pursuant to Fed.R.Civ.P. 12 on numerous grounds. No hearing is needed. The motion to remand shall be granted.

Plaintiff's claims arise out of an alleged five year course of dealing and negotiations between plaintiff and defendants Lehigh and Heidelbergcement which, according to plaintiff,

culminated in one or more contracts *inter esse* calling for the removal of certain industrial waste, "cement kiln dust," from manufacturing plants operated by those defendants in various locations around the United States. Of particular relevance to the claims against the non-diverse defendants, plaintiff alleges, *inter alia*, that after it delivered a notice of default under one or more contracts to defendants Lehigh and Heidelbergcement in May 2004, it learned that Lehigh and Heidelbergcement had "surreptitiously and without notice to [p]laintiff, entered into other agreements with one Dick Brigstock [sic], a former agent, servant and/or employee of [d]efendants Heidelbergcement Cement and Lehigh as a broker for [d]efendants Heidelbergcement Cement and Lehigh for the marketing and distribution of [p]laintiff's material in direct breach of all agreements by the parties." Compl. ¶ 27. Plaintiff further alleges, in support of its claims, including the claim of fraud against the non-diverse defendants, that "defendants and each of them wrongfully converted the [p]laintiff's confidential business plan and customer list to said Brigstock [sic] and assisted him in capitalizing a company known as 'White Rock Quarries, Inc.' to market and distribute the very [p]roduct which the corporate defendants had contracted and conveyed to the [p]laintiff." *Id.* ¶ 28.\*

I have summarized the fraudulent joinder doctrine as follows:

---

\*Viewed in the light most favorable to plaintiff, the complaint asserts that the entire series of negotiations (and, allegedly, execution of, or partial performance of, contracts with and by plaintiff) between the corporate defendants and plaintiff was merely a ruse to permit the defendants to demonstrate their compliance with certain environmental laws and regulations attendant to defendants' effort to obtain necessary permits to expand their operations, *see* Compl. ¶ 29, and to obtain plaintiff's "confidential business plan and customer list." *Id.* ¶ 28.

> To show fraudulent joinder, the removing defendant must demonstrate either outright fraud in the plaintiffs' pleadings of jurisdictional facts or that there is *no possibility* that the plaintiffs would be able to establish causes of action against the in-state defendants in state court . . . .[T]he question presented is whether plaintiffs can establish a cause of action against the Maryland defendants. The Fourth Circuit has emphasized that the party alleging fraudulent joinder "bears a heavy burden--it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir. 1999). This standard is even more favorable to the plaintiffs "than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* Further, courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425.

*Oxendine v. Merck & Co., Inc.,* 236 F.Supp.2d 517, 535 (D.Md. 2002) (citations omitted; emphasis in original).

"Moreover, I am mindful that the Fourth Circuit firmly adheres to its view that courts in this circuit 'are obliged to narrowly interpret removal jurisdiction because the removal of proceedings from state courts raises "significant federalism concerns.' *Sonoco Products Co. v. Physicians Health Plan, Inc.,* 338 F.3d 366, 370 (4th Cir. 2003) (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994))." )." *Skevofilax v. Aventis Pasteur, Inc.,* 304 F.Supp.2d 691, 693-94 (D.Md.2003). "[I]f there is a *colorable basis* for predicting that a plaintiff may recover against non-diverse defendants, [the court] must remand the action to state court. The district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.' All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 492-93 (6th Cir.1999) (citations and internal

quotations omitted; emphasis added). "A claim is colorable if it is arguable and nonfrivolous, whether or not it would succeed on the merits." *Kennedy v. Connecticut General Life Ins. Co.,* 924 F.2d 698, 700-01 (7th Cir.1991), *cited with approval in Davis v. Featherstone,* 97 F.3d 734, 737-38 (4th Cir. 1996).

In the case at bar, plaintiff has alleged claims of fraud and unjust enrichment against the non-diverse parties. To be sure, the allegations are "artful" in the extreme, making this a close case. Nevertheless, as plaintiff points out, reading the complaint most favorably to its allegations, it has alleged that defendant Brigstocke is a former employee of one or both of the corporate defendants who, aided by his former employers, formed a company to compete with plaintiff and to take over the contractual duties plaintiff was bound to perform, at considerable profit. Plaintiff alleges, in effect, that a lengthy series of negotiations which culminated in the execution of one or more contracts with the diverse defendants, were in fact efforts to "lull" plaintiff into preparing and disclosing to defendants confidential business plans, which Brigstocke, acting through his newly-formed company, received from the corporate defendants and then employed to deprive plaintiff of the benefits of its contracts.

In my view, plaintiff has alleged, with minimally sufficient particularity for purposes of the fraudulent joinder doctrine, and however awkwardly, a "colorable claim" of concert-of-action by defendants to fraudulently deprive plaintiff of a legitimate economic expectancy. It is to be recalled that the standard applied here "is even more favorable to the

plaintiffs 'than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).'"*Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 424 (4th Cir. 1999). Although defendants argue vigorously (and at length) in support of their motions to dismiss that plaintiff in fact never entered into binding contracts with Lehigh or Heidelbergcement, it would be improper, in determining the issue of removability, for this court to be drawn into a factual dispute over whether a contract was formed (or partially performed) under Maryland law or whether, assuming that plaintiff could prove the existence of (or its partial performance of) any such contract, any such contract was enforceable.

For the reasons stated above, the motion to remand shall be granted.


Filed: September 26, 2005                               /s/
                                            ANDRE M. DAVIS
                                            UNITED STATES DISTRICT JUDGE